Daniels, J.
The defendant, Wilhelmina Eothweiler, subscribed and delivered to the plaintiff the following instrument in writing:
“ Received from Mrs. Kantrowitz the sum of ten dollars, on the house 113 Rivington street, to be sold for $10,700.
• “EOTHWEILER.”
She was entitled to dower in the property known as Ho. 113 Rivington street and subject to her dower, it was owned by Charles Henry and George Eothweiler and Julia Weiss.
The plaintiff offered to pay the balance over the sum of ten dollars as the purchase-price of the property, and requested the execution and delivery of a deed to her thereupon. This was refused and the property sold to another person, and she has brought this action for the specific performance of the agreement, without joining the purchaser as a party in the action.
To support her action she endeavored to prove the fact to be that Wilhelmina Eothweiler had been authorized by the person owning the fee of the property, to enter into and make an agreement for its sale and conveyance. But while evidence was given tending to show that such of the joint owners except Henry, assented to the sale of the property of their mother, his testimony failed to establish any such authority for the sale of his interest in the house or the land, but he testified on the contrary that he had given no such authority, and was unwilling to sell the property for less than the price of $11,000. What the plaintiff desired to obtain was a complete title to the place referred to in this written instrument. But that clearly she was *298 not entitled to, even though the signature might have been made to represent all the owners, for the reason that he had in no manner conferred authority upon Wilhelmina to sell his interest in the property. He was called and sworn as a,witness by the plaintiff to prove that he had given the alleged authority for the sale of the property, but his testimony was distinctly the other way, that he had not, and there being no other evidence important to consider on the same subject, this was controlling over the case. The plaintiff failed to make out the right to a conveyance of the property, and for that reason failed to maintain her action.
It also appeared by the evidence as well as being alleged in the complaint, that the sale of the property had been made to another person, and without making that person a party to the action and proving a state of facts subordinating the purchase to the right of the plaintiff, she was for that reason, also, disabled from maintaining the suit.
When the case failed, as it necessarily must by reason of the failure to prove authority on the part of Henry Rothweiler for the sale of the property to the plaintiff, and because of the allegation and proof to showing an unimpeached sale to another person for $11,000, the court had nothing before it upon which it could retain the action as one for the recovery of damages. The complaint contained no allegations presenting such a right of recovery. But the cause of action set forth was exclusively one for the specific performance. It is true that it appears from these allegations that the property had been sold to another person for a larger price than the plaintiff intended to ¡obligate herself to pay, but there was no allegation that the property was worth more than the sum the plaintiff proposed to pay, or that she had been subjected to any expenses in the examination or searching of the title, or had sustained any damages whatever by reason of the refusal of the defendants to convey the property to her. These were all essential and necessary allegations to present a right of action for damages, and from their omission it is to be inferred that it was no part of the purpose of the suit to insist upon the recovery of damages.
A variety of authorities has been cited on the part of each of the contestants to sustain both the appeal and the judgment. It is not, however, necessary to discuss or consider either of these authorities, for the reason that even the memorandum which was made was sufficient within the statute of frauds to constitute a contract for the sale of the premises, the plaintiff failed to maintain the right to the specific performance of it as an agreement, by reason *299 of the defects in the proof which have previously been mentioned.
The judgment, therefore, should be affirmed, with costs. Van Brunt, P. J., and Brady, J., concur.